UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____X
**Francis J. Sampson, Jr.,**
          **Plaintiff,**
v.                                                                       **CIVIL ACTION NO. 22-CV-10447-NMG**


**U.S. Bank National Association as Trustee,
Successor in Interest to Bank of America, N.A.,
Successor in Interest by Merger to LaSalle
Bank, N.A. as Trustee for WAMU Pass Through
Certificates, Series 2007-OA4; Select Portfolio
Servicing, Inc., and JPMorgan Chase Bank, N.A.,**
          **Defendants.**
_____X

## **ANSWER**

NOW COME the Defendants, U.S. Bank National Association as Trustee, successor in interest to Bank of America, N.A., successor in interest by merger to LaSalle Bank, N.A. as Trustee for WAMU Pass Through Certificates, Series 2007-OA4 ("U.S. Bank"), Select Portfolio Servicing, Inc, ("SPS"), and JPMorgan Chase Bank, N.A. ("Chase")(hereinafter collectively referred to as the "Defendants"), by and through their attorneys, Doonan Graves and Longoria LLC, and hereby respond to the Plaintiff's Complaint as follows:

Except as expressly admitted or denied herein below, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of each and every paragraph of the Complaint.

## **PREFATORY ALLEGATIONS**

1.    Upon information and belief, admitted.

2.    Denied. U.S. Bank is a national association organized and existing under the laws of the United States of America with its principal place of business located 425 Walnut Street,

Cincinnati, OH 45202.

3. Denied. SPS, is a foreign corporation organized and existing under the laws of the State of Utah with its principal place of business located at 3217 S. Decker Drive, Salt Lake City, UT 84119.

4. Denied. Chase is a national association organized and existing under the laws of the United States of America with its principal place of business located at 1111 Polaris Parkway, Columbus, OH 43240.

5. Paragraph 5 represents a statement or conclusion of law to which no response is required. To the extent that Paragraph 5 alleges any wrongdoing against the Defendants, it is denied.

## FACTS

6. Admitted, that the Plaintiff executed and delivered a Promissory Note to Washington Mutual Bank, F.A. ("WAMU"). Paragraph 6 refers to a written instrument, which speaks for itself, and any attempt to summarize or mischaracterize the same is denied.

7. Admitted, that the Plaintiff gave a Mortgage to WAMU. Paragraph 7 refers to a written instrument, which speaks for itself, and any attempt to summarize or mischaracterize the same is denied.

8. Denied. The Mortgage was recorded with the Plymouth County Registry of Deeds in Book 34311, Page 304.

9. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9. To the extent that Paragraph 9 alleges any wrongdoing against the Defendants, it is denied.

10. The Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in Paragraph 10. To the extent that Paragraph 10 alleges any wrongdoing against the Defendants, it is denied.

11. Admitted, that an Assignment of Mortgage dated May 14, 2010, was recorded on May 27, 2010, with the Plymouth County Registry of Deeds in Book 38565, Page 100. Paragraph 11 refers to a written instrument, which speaks for itself, and any attempt to summarize or mischaracterize the same is denied.

12. Admitted, that an Assignment of Mortgage dated April 25, 2013, was recorded on May 20, 2013, with the Plymouth County Registry of Deeds. Denied, that the Assignment of Mortgage identified as Exhibit D to the Complaint was recorded in Book 343086, Page 192. The Assignment of Mortgage was recorded in Book 43086, Page 192. Paragraph 12 refers to a written instrument, which speaks for itself, and any attempt to summarize or mischaracterize the same is denied.

13. Paragraph 13 refers to a written instrument, which speaks for itself, and any attempt to summarize or mischaracterize the same is denied.

14. Paragraph 14 refers to a written instrument, which speaks for itself, and any attempt to summarize or mischaracterize the same is denied.

15. Denied.

16. Admitted.

17. Paragraph 17 lacks specificity sufficient to permit the Defendants to respond to allegations set forth therein. Paragraph 17 does not allege the purpose for which the Defendant allegedly relied upon the Assignment of Mortgage referenced therein.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted, that U.S. Bank commenced a new foreclosure in 2022. To the extent that Paragraph 23 implies that the basis for U.S. Bank's foreclosure has changed, it is denied. The Plaintiff remains in default as a result of his failure to make the January 1, 2010, payment due under the terms of the subject mortgage loan.

24. Paragraph 24 lacks specificity sufficient to permit the Defendants to respond to allegations set forth therein. To the extent that Paragraph 24 implies that U.S. Bank relies on the Assignment of Mortgage referenced therein as evidence of its standing to foreclose, it is admitted. To the extent that Paragraph 24 alleges any wrongdoing by the Defendants, it is denied.

25. Admitted, that an Assignment of Mortgage dated September 26, 2019, was recorded on October 29, 2019, with the Plymouth County Registry of Deeds in Book 51857, Page 330. Paragraph 25 refers to a written instrument, which speaks for itself, and any attempt to summarize or mischaracterize the same is denied.

26. To the extent that Paragraph 26 represents a statement or conclusion of law, no response is required. Denied, that the change in the assignee identified in the Assignment of Mortgage referenced in Paragraph 26 is material. Denied, that there is any discrepancy between the trust identified in the Assignment of Mortgage referenced in Paragraph 26 and any filings with the U.S. Securities and Exchange Commission. To the extent that Paragraph 26 refers to a written instrument, such instrument speaks for itself and any attempt to summarize or mischaracterize the same is denied. To the extent that Paragraph

26 alleges any wrongdoing against the Defendants, it is denied.

27. Admitted.

28. Paragraph 28 refers to a written instrument, which speaks for itself, and any attempt to summarize or mischaracterize the same is denied. To the extent that Paragraph 28 alleges any wrongdoing against the Defendants, it is denied.

29. Denied. The Affidavit referenced in Paragraph 29 was recorded in 2021.

30. Paragraph 30 refers to a written instrument, which speaks for itself, and any attempt to summarize or mischaracterize the same is denied. To the extent that Paragraph 30 alleges any wrongdoing against the Defendants, it is denied.

31. Paragraph 31 refers to a written instrument, which speaks for itself, and any attempt to summarize or mischaracterize the same is denied. To the extent that Paragraph 31 represents a statement or conclusion of law, no response is required.

32. Paragraph 32 represents a statement or conclusion of law to which no response is required.

33. Paragraph 33 refers to a written instrument, which speaks for itself, and any attempt to summarize or mischaracterize the same is denied. To the extent that Paragraph 33 alleges any wrongdoing against the Defendants, it is denied.

34. To the extent that Paragraph 34 represents a statement or conclusion of law, no response is required. To the extent that Paragraph 34 refers to a written Order of the Court, said Order speaks for itself and any attempt to summarize or mischaracterize the same is denied.

35. To the extent that Paragraph 35 represents a statement or conclusion of law, no response is required. To the extent that Paragraph 35 refers to a written Order of the Court, said

Order speaks for itself and any attempt to summarize or mischaracterize the same is denied.

36. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 with respect to Plaintiff's counsel's receipt of the decision in *Starkey v. Deutsche Bank Nation Trust Company*. To the extent that Paragraph 26 represents a statement or conclusion of law, no response is required.

37. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37. To the extent that Paragraph 37 represents a statement or conclusion of law, no response is required.

38. Denied.

39. Paragraph 39 represents a statement or conclusion of law to which no response is required.

40. Paragraph 40 represents a statement or conclusion of law to which no response is required.

41. Admitted.

42. To the extent that Paragraph 42 alleges that the Assignment of Mortgage recorded on October 29, 2019, was not subject to the prior litigation in Civil Action No. 15-CV-11064-NMG, it is admitted. To the extent that Paragraph 42 represents a statement or conclusion of law, no response is required. To the extent that Paragraph 42 alleges any wrongdoing against the Defendants, it is denied.

43. Paragraph 43 refers to a written instrument, which speaks for itself, and any attempt to summarize or mischaracterize the same is denied.

44. Paragraph 44 represents a statement or conclusion of law to which no response is

required.

45. Admitted.

46. Admitted, that Washington Mutual Bank was placed into receivership with the Federal Deposit Insurance Corporation ("FDIC") on September 25, 2008. The Defendants lack knowledge or information sufficient to form a belief as to the balance of the allegations set forth in Paragraph 46.

**CAUSES OF ACTION**

**Count I**

Declaratory Judgment that the Defendant Trustee Is Not A Proper Party With
Current "Jurisdiction and Authority" Under Statute to Enforce The Power of Sale
in Plaintiff's Mortgage Contract, As A Legally Held Corpus Asset of The
Defendant Trust Under The Strictures of G.L. c. 244, § 14
**(as to: U.S. Bank National Association, as Trustee, Successor In Interest By Merger To
LaSalle Bank, N.A., As Trustee for WaMu Pass-Through Certificates 2007-OA4)**

47. The Defendants repeat and reallege Paragraphs 1 through 46 as if fully set forth herein.

48. To the extent that Paragraph 48 represents a statement or conclusion of law, no response is required. To the extent that Paragraph 48 refers to a written instrument, such instrument speaks for itself and any attempt to summarize or mischaracterize the same is denied. To the extent that Paragraph 48 alleges any wrongdoing against the Defendants, it is denied.

49. To the extent that Paragraph 49 represents a statement or conclusion of law, no response is required. To the extent that Paragraph 49 refers to a written instrument, such instrument speaks for itself and any attempt to summarize or mischaracterize the same is denied. To the extent that Paragraph 49 alleges any wrongdoing against the Defendants, it is denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied. To the extent that Paragraph 53 represents a statement or conclusion of law, no response is required.

54. Paragraph 54 represents a statement of the Plaintiff's request for relief to which no response is required.

### Count II – Wrongful Foreclosure

**(as to: U.S. Bank National Association, as Trustee, Successor In Interest By Merger To LaSalle Bank, N.A., As Trustee for WaMu Pass-Through Certificates 2007-OA4, Select Portfolio Servicing, Inc.)**

55. The Defendants repeat and reallege Paragraphs 1 through 54 as if fully set forth herein.

56. Paragraph 56 represents a statement or conclusion of law to which no response is required. To the extent that Paragraph 56 alleges any wrongdoing against the Defendants, it is denied.

57. Paragraph 57 represents a statement or conclusion of law to which no response is required. To the extent that Paragraph 57 alleges any wrongdoing against the Defendants, it is denied.

58. Admitted.

59. Denied.

60. Denied.

61. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 regarding circumstances that may occur in the future. Denied, that the Plaintiff has suffered damages as a result of any conduct by the Defendants.

## Count III – Slander of Title

## Defendant JPMorgan Chase Bank, N.A.

62. The Defendants repeat and reallege Paragraphs 1 through 61 as if fully set forth herein.

63. Paragraph 63 represents a statement or conclusion of law to which no response is required.

64. Paragraph 64 represents a statement or conclusion of law to which no response is required.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Paragraph 70 refers to written instruments, which speaks for themselves, and any attempt to summarize or mischaracterize the same is denied.

71. To the extent that Paragraph 70 refers to written instruments, which speaks for themselves, any attempt to summarize or mischaracterize the same is denied. To the extent that Paragraph 71 represents a statement or conclusion of law, no response is required. To the extent that Paragraph 71 alleges any wrongdoing against the Defendants, it is denied.

72. Paragraph 72 refers to written instruments, which speaks for themselves, and any attempt to summarize or mischaracterize the same is denied.

73. Paragraph 73 refers to written correspondence, which speaks for itself, and any attempt to

        summarize or mischaracterize the same is denied. Subject to the foregoing, the Defendants state that there is no "Exhibit M" attached to the Plaintiff's Complaint.

74. Paragraph 74 lacks specificity sufficient to permit the Defendants to respond to the allegations set forth therein with respect to which documents were allegedly recorded with the Plymouth County Registry of Deeds. To the extent that Paragraph 74 alleges any wrongdoing against the Defendants, it is denied.

75. To the extent that Paragraph 75 represents a statement or conclusion of law, no response is required. To the extent that Paragraph 75 alleges any wrongdoing against the Defendants, it is denied.

76. Denied, that the Plaintiff has suffered damages as a result of any conduct by the Defendants. To the extent that Paragraph 76 represents a statement of the Plaintiff's request for relief, no response is required.

77. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 regarding circumstances that may occur in the future. Denied, that the Plaintiff has suffered damages as a result of any conduct by the Defendants.

### Count IV – G.L. c. 93A

### (Select Portfolio Servicing, Inc.)

78. The Defendants repeat and reallege Paragraphs 1 through 77 as if fully set forth herein.

79. Paragraph 79 represents a statement or conclusion of law to which no response is required.

80. Admitted.

81. Paragraph 81 refers to a written instrument, which speaks for itself, and any attempt to

Francis J. Sampson, Jr. v. U.S. Bank N.A., as Trustee, et al.
85 Heritage Lane, Duxbury, MA
DG&L File No. 4012.82        10

summarize or mischaracterize the same is denied. To the extent that Paragraph 81 alleges any wrongdoing against the Defendants, it is denied.

82. Denied.

83. Paragraph 83 represents a statement or conclusion of law to which no response is required.

84. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84.

85. Paragraph 85 represents a statement or conclusion of law to which no response is required.

86. Paragraph 86 represents a statement or conclusion of law to which no response is required.

87. Paragraph 87 represents a statement of the Plaintiff's request for relief to which no response is required.

88. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88 regarding circumstances that may occur in the future. Denied, that the Plaintiff has suffered damages as a result of any conduct by the Defendants.

## AFFIRMATIVE DEFENSES

1. The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. The Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, release, acquiescence and ratification.

3. The Plaintiff's claims are barred in whole or in part due to a lack of standing.

4. The Plaintiff's claims are barred by the doctrine of unclean hands.

5. The Plaintiff's claims are barred by the doctrine of laches.

6. The Plaintiff's claims are barred by their own bad faith.

7. The Plaintiff's claims are estopped by their own conduct from asserting any claim for relief against the Defendants.

8. The Plaintiff has by its actions waived the claims made in its Complaint.

9. The Defendants have not caused the Plaintiff to suffer any actual damages.

10. The Plaintiff has failed to mitigate its damages.

11. The Plaintiff is in breach of the terms and conditions of the subject Notes and Mortgages and, therefore, is barred from recovery.

12. The Plaintiff's claims must be dismissed based upon the doctrine of accord and satisfaction.

13. The Plaintiff's claims are barred by the doctrine of unjust enrichment.

14. The Plaintiff's claims are barred in whole or in part by the doctrines of *res judicata* and collateral estoppel.

15. If the Defendant's security interest is voided, the Plaintiff would be required to tender an amount equal to the direct benefit received from the Defendant's loan.

14. The Plaintiff is barred from obtaining the relief requested as the loss and/or damage alleged by the Plaintiff was caused by the Plaintiff.

15. The Plaintiff's claims are not advanced in good faith.

16. The Plaintiff's claims barred from obtaining relief due to the assumption of risk.

17. The Plaintiff is barred from obtaining relief due to the statute of limitations.

18. The Plaintiff's claims are barred under the statute of frauds.

19. The Plaintiff's claims are barred under the parol evidence rule.

20. The Plaintiff is not entitled to the relief sought in that a balancing of the equities does not favor the Plaintiff's claims.

21. The Plaintiff's claims are barred because at all times the Defendants acted in good faith.

22. Any and all actions taken by the Defendants were performed in accordance with federal and state law.

23. The Plaintiff's claims, if any, should be set off against the Defendants' claims against the Plaintiffs.

## COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 13, the Defendants bring the following counterclaims against the Plaintiff and state as follows:

## FACTUAL ALLEGATONS

1. On March 26, 2007, the Plaintiff executed and delivered a promissory note in favor of WAMU in the amount of $960,000.00 ("Sampson Note").[1]

2. As security for the debt evidenced by the Sampson Note, the Plaintiff gave a Mortgage on the property located at 85 Heritage Lane, Duxbury, MA (the "Property") to WAMU, dated March 26, 2007, and recorded with the Plymouth County Registry of Deeds in Book 34311, Page 304 ("Sampson Mortgage").[2]

3. The Plaintiff defaulted under the terms of the Sampson Mortgage Loan Contract as a result of his failure to make the January 1, 2010, payment and all subsequent payments due thereunder.

4. The Sampson Mortgage was assigned to Bank of America, National Association as successor by merger to LaSalle Bank NA as trustee for Washington Mutual Mortgage

---

[1] *See* Exhibit A (a true and correct copy of the Sampson Note is attached hereto and incorporated herein).
[2] *See* Exhibit B (a true and correct copy of the Sampson Mortgage is attached hereto and incorporated herein).

Francis J. Sampson, Jr. v. U.S. Bank N.A., as Trustee, et al.
85 Heritage Lane, Duxbury, MA
DG&L File No. 4012.82                                   13

       Pass-Through Certificates WaMu Series 2007-OA4 Trust by virtue of an Assignment of Mortgage dated May 14, 2010, and recorded with the Plymouth County Registry of Deeds in Book 38565, Page 100 ("BOA Assignment").[3]

5.     The BOA Assignment is affected by a Confirmatory Assignment of Mortgage dated April 25, 2013, and recorded with the Plymouth County Registry of Deeds in Book 43086, Page 192, which attempts to clarify the assignee's reflected in the BOA Assignment as U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, successor by merger to Lasalle Bank NA as trustee for WAMU Mortgage Pass-Through Certificates Series 2007-OA4 Trust ("Confirmatory Assignment").[4]

6.     As a result of his default, on October 16, 2018, SPS, the servicer of the Sampson Mortgage Loan, sent the Plaintiff a 90-day Notice of Right to Cure Your Mortgage Default and a Notice of Right to Request a Modified Mortgage Loan pursuant to G.L. c. 244, §§ 35A & 35B, as well as the applicable terms of the Sampson Mortgage Loan Contract.[5]

7.     The Plaintiff failed to cure his default on or before the January 17, 2019, deadline set forth in the Notice of Right to Cure.

8.     To avoid any question as to the validity and effect of the Confirmatory Assignment,[6] on September 26, 2019, Bank of America, National Association as successor by merger to LaSalle Bank NA as trustee for Washington Mutual Mortgage Pass-Through Certificates

---

[3] *See* Exhibit C (a true and correct copy of the BOA Assignment is attached hereto and incorporated herein).
[4] *See* Exhibit D (a true and correct copy of the Confirmatory Assignment is attached hereto and incorporated herein).
[5] *See* Exhibit E (a true and correct copy of the 90-day Notice of Right to Cure and Notice of Right to Pursue a Modified Mortgage Loan is attached hereto and incorporated herein).
[6] The Confirmatory Assignment was executed by JPMorgan Chase Bank as the holder of the Sampson Mortgage, however, as a result of the prior BOA Assignment, JPMorgan Chase Bank may not have held the requisite interest in the Sampson Mortgage at the time of the Confirmatory Assignment.

Francis J. Sampson, Jr. v. U.S. Bank N.A., as Trustee, et al.
85 Heritage Lane, Duxbury, MA
DG&L File No. 4012.82                  14

WaMu Series 2007-OA4 Trust executed and delivered an Assignment of the Sampson Mortgage to U.S. Bank, which was recorded with the Plymouth County registry of Deeds in Book 51857, Page 330 ("U.S. Bank Assignment").[7]

9. On November 2, 2021, SPS executed a Certification Pursuant to 209 CMR 18.21A(2)(c) indicating that U.S. Bank is the holder and owner of the Sampson Note ("Noteholder Certification").[8]

10. On November 18, 2021, SPS caused an Affidavit Pursuant to M.G.L. Chapter 244 Sections 35B and 35C to be recorded with the Plymouth County Registry of Deeds in Book 56035, Page 183 ("Pre-Foreclosure Noteholder Affidavit").[9]

11. A foreclosure sale of the Property was scheduled for March 23, 2022.

12. Pursuant to G.L. c. 244, § 14, U.S. Bank caused to be published in The Duxbury Clipper a Notice of Mortgagee's Sale of Real Estate on February 23, 2022, March 2, 2022 and March 9, 2022.[10]

13. Pursuant to G.L. c. 244, §§ 14 & 17B, on February 24, 2022, U.S. Bank caused the Plaintiff to be mailed a Notice of Intent to Foreclose Mortgage and Intent to Pursue Deficiency After Foreclosure, as well copies of the Notice of Sale and Noteholder Certification ("Section 14 & 17B Letters").[11]

14. On March 18, 2022, the Plaintiff commenced the instant action by filing his Complaint in the Plymouth Superior Court.

15. The foreclosure sale of the Property was postponed by public proclamation from March

---

[7] *See* Exhibit F (a true and correct copy of the U.S. Bank Assignment is attached hereto and incorporated herein).
[8] *See* Exhibit G (a true and correct copy of the Noteholder Certification is attached hereto and incorporated herein).
[9] *See* Exhibit H (a true and correct copy of the Pre-Foreclosure Noteholder Affidavit is attached hereto and incorporated herein).
[10] *See* Exhibit I (a true and correct copy of the Publication Tear Sheet is attached hereto and incorporated herein).
[11] *See* Exhibit J (true and correct copies of the Section 14 & 17B Letters are attached hereto and incorporated herein).

23, 2022, to April 26, 2022 as a result of the Plaintiff's Complaint.

16. On March 24, 2022, the Defendants removed the matter to this Court.

## COUNT I
## BREACH OF CONTRACT

17. The Defendants repeat and re-allege paragraphs 1 through 16 as if fully set forth herein.

18. The Sampson Mortgage Loan Contract represents a binding, enforceable agreement between the Plaintiff and U.S. Bank.[12]

19. The Plaintiff defaulted under the terms of the Sampson Mortgage Loan Contract as of January 1, 201.

20. The Plaintiff's default constitutes a breach of the Sampson Mortgage Loan Contract.[13]

21. Injustice can only be avoided by awarding damages and interest, plus costs and expenses including attorney's fees.

## COUNT II
## DEFICIENCY JUDGMENT

22. The Defendants repeat and re-allege paragraphs 1 through 21 as if fully set forth herein.

23. The Defendants have established each of the essential elements with respect to the Plaintiff's breach of the Sampson Mortgage Loan Contract.

24. Pursuant to G.L. c. 244, §§ 14 & 17B, on February 24, 2022, U.S. Bank caused the Plaintiff to be mailed a Notice of Intention to Foreclose and Intent to Pursue Deficiency after Foreclosure, as well as copies of the Notice of Sale and Noteholder Certification.[14]

25. On February 24, 2022, Paula Bouchard of Doonan, Graves & Longoria, LLC executed an Affidavit pursuant to G.L. c. 244, § 17B providing that the Notices of Intention to Foreclose and Intent to Pursue Deficiency After Foreclosure were mailed on February 24,

---

[12] *See* Exhibits A and B.
[13] *See* Exhibits A and B.
[14] *See* Exhibit J.

2022.[15]

26. The total amount owed under the terms of the Sampson Mortgage Loan Contract is in excess of $1,523,904.31, excluding fees and costs associated with the instant action, which continue to accrue.

27. To date, the Defendants have incurred attorney's fees and costs in the amount of $3,001.45 associated with defending against the instant action, which are recoverable under the terms of the Sampson Mortgage Loan Contract.[16]

28. As such, U.S. Bank is entitled to a Deficiency Judgment equal to the total debt owed under the terms of the Sampson Mortgage Loan less the purchase price to be paid for the Property at the foreclosure sale.

## COUNT III
## POSSESSION

29. The Defendants repeat and re-allege paragraphs 1 through 28 as if fully set forth herein.

30. All of the Plaintiff's right, title and interest in the Property will be terminated upon the foreclosure of the mortgage and execution of the Memorandum of Sale Contract at U.S. Bank's anticipated foreclosure sale.

31. Accordingly, the Plaintiff's right to possession of the Property will be terminated upon U.S. Bank's lawful foreclosure of the Sampson Mortgage Loan.

32. As such, U.S. Bank will be entitled to a Judgment for Possession of the Property upon the completion of its foreclosure sale.

WHEREFORE the Defendants respectfully requests the Court:

(i) Enter Judgment in favor of the Defendants on the Plaintiff's claims;

(ii) Enter Judgment in favor of U.S. Bank on its counterclaim for Breach of Contract;

---

[15] *See* Exhibit J.
[16] *See* Exhibit A § 7(E); Exhibit B ¶¶ 9, 22.

(iii)    Enter a Deficiency Judgment in favor of U.S. Bank;

(iv)    Enter a Judgment for Possession of the Property in favor of U.S. Bank;

(v)    Award the Defendants their damages, interest, plus costs and expenses, including attorney fees; and

(vi)    Such other and further relief as the Court deems appropriate and just.

Respectfully Submitted,
U.S. Bank National Association as Trustee, Successor in Interest to Bank of America, N.A., Successor in Interest by Merger to Lasalle Bank, N.A., as Trustee for WAMU Pass Through Certificates, Series 2007-OA4;
Select Portfolio Servicing, Inc.; and
JPMorgan Chase Bank, N.A.
By their attorneys,

Dated: April 14, 2022

/s/ Brian C. Linehan
Brian C. Linehan, Esq. (BBO #690437)
Reneau J. Longoria, Esq. (BBO #635118)
Doonan, Graves & Longoria, LLC
100 Cummings Center Suite 303C
Beverly, MA 01915
Tel. (978) 921-2670
bl@dgandl.com

## CERTIFICATE OF SERVICE

I, Brian C. Linehan, Esq., hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and via electronic mail on April 29, 2022..

/s/ Brian C. Linehan
Brian C. Linehan, Esq.