```
                   United States District Court
                     District of Massachusetts

 ──────────────────────────────────────
                                        )
 Francis J. Sampson, Jr.,               )
                                        )
         Plaintiff,                     )
                                        )
         v.                             )
                                        )   Civil Action No.
 U.S. Bank, National Association, et    )   22-10447-NMG
 al.,                                   )
                                        )
         Defendants.                    )
                                        )
 ──────────────────────────────────────
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This action arises out of the July, 2022 foreclosure sale of a residential property owned by plaintiff Francis J. Sampson, Jr. ("Sampson" or "plaintiff") and located at 85 Heritage Lane, Duxbury, Massachusetts ("the Property"). Sampson filed suit seeking a declaration that defendants, U.S. Bank, N.A. as trustee for WAMU Pass Through Certificates, Series 2007-OA-4 ("U.S. Bank"), Select Portfolio Servicing, Inc. ("Select") and JPMorgan Chase Bank N.A. ("JPMorgan") lack authority to foreclose on the Property and obtain damages. In March, 2023, defendants filed a motion for summary judgment on all of plaintiff's claims and its counterclaim for possession. For the reasons that follow, the motion will be allowed.

-1-

**I.    Background**

In March, 2007, Sampson purchased the Property. In conjunction with the purchase, he borrowed money and executed a promissory note ("the Note") to Washington Mutual Bank, F.A. ("WAMU"). Sampson granted WAMU a mortgage ("the Mortgage") on the property to secure the Note (together, "the mortgage loan").

WAMU went into receivership in 2008 and the Federal Deposit Insurance Corporation ("the FDIC") was appointed to manage its remaining assets. The FDIC sold those assets to JPMorgan which, in May, 2010, assigned the Mortgage to a trust ("the Trust") for which Bank of America, N.A. ("Bank of America"), served as trustee. U.S. Bank has since succeeded Bank of America as trustee of the Trust.

In or around 2010, Sampson fell behind on his mortgage payments. In 2014, the Trust notified Sampson that it intended to sell the Property pursuant to the statutory power of sale made available to mortgagees under M.G.L. c. 244.

Sampson then commenced litigation against the Trust in March, 2015. See Sampson v. U.S. Bank, Nat'l Ass'n, 115 F. Supp. 3d 191 (D. Mass. 2015) ("Sampson I"). In that action, Sampson sought, inter alia, a declaration that U.S. Bank did not have authority to foreclose on the Property under M.G.L. c. 244, § 14. In July, 2015, this Court entered a memorandum and order dismissing Sampson I. See Sampson I, 115 F. Supp. 3d at 191.

The Court held that Sampson "offered nothing beyond conclusory allegations of law" in support of his contention and that the facts

> render[ed] less than plausible the claim that the Trust was not the valid mortgagee and thus did not have authority to foreclose on the mortgage loan.

Id. at 193.

Sampson appealed the dismissal to the First Circuit Court of Appeals ("the First Circuit") and the United States Supreme Court ("the Supreme Court"), without success.  More than two years after the Supreme Court denied his petition for certiorari, Sampson moved for this Court to set aside the judgment in Sampson I.  That motion was denied by margin endorsement in October, 2020.

On March 17, 2022, Sampson filed the instant action ("Sampson II") in Massachusetts Superior Court for Plymouth County, again seeking to forestall the foreclosure sale of his residence.  Sampson's complaint is comprised of four counts for: 1) declaratory judgment that U.S. Bank cannot foreclose under M.G.L. c. 244, § 14, 2) wrongful foreclosure, against U.S. Bank and Select, 3) slander of title, against JPMorgan and 4) violation of M.G.L. c. 93A against Select.  Defendants answered the complaint and asserted three counterclaims for: 1) breach of contract, 2) deficiency judgment, and 3) possession.

Defendants removed the action to this Court in March, 2022, and, shortly thereafter, plaintiff filed a motion for a preliminary injunction. This Court convened a hearing on that motion, at which counsel for plaintiff failed to appear. In April, 2022, this Court denied the motion for a preliminary injunction holding that plaintiff's claims were unlikely to succeed on the merits. Soon thereafter, plaintiff filed a motion for reconsideration which this Court also denied.

In July, 2022, U.S. Bank conducted a non-judicial foreclosure sale of the Property and was the successful bidder. U.S. Bank purchased the Property for $780,000.

Sampson died in November, 2022. By his Last Will and Testament, the Property would be left to James F. Sampson, Gretchen Sampson and Jeffrey Sampson, his children. This Court later allowed a motion to substitute plaintiff for his successors in interest. In December, 2022, U.S. Bank recorded the Foreclosure Deed, conveying title to the Property to itself.

In March, 2023, defendants filed a motion for summary judgment on plaintiff's claims and its counterclaim for possession.

## II. Motion for Summary Judgment

### A. Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)).  The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A fact is material if it "might affect the outcome of the suit under the governing law[.]" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The Court must view the entire record in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993).  Summary judgment is

appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 322-23.

### B. Application

Defendants move for summary judgment on each of plaintiff's four claims as well as on its counterclaim for possession. As a preliminary matter, plaintiff asserts that, under Fed. R. Civ. P. 56, this Court should reject defendants' exhibits because they did not include an Affidavit in Support with their Statement of Undisputed Facts. Plaintiff misstates the Rule 56 standard. A moving party is not required to submit an Affidavit in Support with its motion for summary judgment. See Celotex Corp., 477 U.S. at 318.

### 1. Claims predicated on Wrongful Foreclosure (Counts I and II)

Plaintiff asserts that defendants U.S. Bank and Select wrongfully foreclosed on the Property because 1) U.S. Bank failed to describe the complete chain of title in the Notice of Sale, as required by M.G.L. c. 244, § 14 and related regulations and 2) U.S. Bank lacked authority to foreclose on the Property.[1]

---

[1] Plaintiff makes allegations against Select only insofar as it published notice of the 2022 foreclosure auction at the behest of U.S. Bank.

### a. U.S. Bank properly described the chain of title

Plaintiff contends that U.S. Bank impermissibly failed to describe the complete chain of title because it omitted the 2013 assignment from JPMorgan to U.S. Bank ("the Confirmatory Assignment") from the Notice of Sale.

Defendants acknowledge the omission of the Confirmatory Assignment but argue that it is immaterial because the Confirmatory Assignment did not transfer legal title to the Mortgage.

In order to comply with Massachusetts law, an entity seeking to foreclose must, inter alia, certify the chain of title of the subject mortgage. See 209 C.M.R. § 18.21A(2)(c) (imposing obligation to "certif[y] the chain of title and ownership of the note and mortgage from the date of the recording of the mortgage being foreclosed upon"), O'Brien v. Wilmington Trust N.A., 506 F. Supp. 3d 82, 100 (D. Mass. 2020). The purpose of certification is to ensure that the foreclosing party holds the subject mortgage by virtue of an "unbroken chain of assignments". O'Brien, 506 F. Supp. 3d at 100 (quoting U.S. Bank, N.A. v. Mistovich, 147 N.E.3d 1107(Mass. App. Ct. 2020)).

Presented with substantially the same question, another session of this Court held that purported assignments made by an entity which was not the mortgage holder at the time of

-7-

assignments "were not part of the chain of title and were properly excluded" from the certificate required by § 18.21A(2)(c). Id. at 100 (citing Germano v. U.S. Bank, N.A., No. 17-SBQ-36138-12-001 (HPS), 2018 WL 986065 (Mass. Land Ct. 2018)).

This Court agrees. Defendants explain and provide documentary evidence that JPMorgan initially assigned the Mortgage to Bank of America, as trustee for the Trust, in 2010 ("BOE Assignment"). In 2013, after U.S. Bank succeeded Bank of America as trustee, JPMorgan executed the Confirmatory Assignment which purported to transfer the Mortgage to U.S. Bank. Because JPMorgan had, however, already assigned the Mortgage to Bank of America, it lacked the authority to execute an assignment of the Mortgage to U.S. Bank. As a result, U.S. Bank secured an assignment of the Mortgage from Bank of America in 2019 ("the 2019 Assignment"), reference to which defendants included in the Notice of Sale and related documents.

Defendants' unrebutted evidence demonstrates that at the time of the Confirmatory Assignment, JPMorgan was not the mortgage holder. Accordingly, U.S. Bank was not required to include the Confirmatory Assignment in the foreclosure documents and its omission does not violate the chain of title disclosure requirements of M.G.L. c. 244, § 14 and related regulations.

### b. U.S. Bank had authority to foreclose the Property

Sampson next challenges the authority of U.S. Bank to carry out the foreclosure. To meet its burden on summary judgment, defendant U.S. Bank must demonstrate that there is no genuine dispute of material fact as to whether it had authority to carry out the foreclosure under M.G.L. c. 244, § 14. U.S. Bank had authority to proceed with foreclosure if it was the assignee of the Mortgage and holder of the Sampson Note prior to the publication of the Notice of Sale and the foreclosure sale. See Ibanez 941 N.E.2d at 51 (citing In re Schwartz, 366 B.R. 265, 269 (Bankr. D. Mass. 2007)).

U.S. Bank has demonstrated that it is the assignee of the Mortgage and holder of the Sampson Note through several pieces of documentary evidence, including inter alia 1) copies of the assignments of the Mortgage to U.S. Bank 2) the Sampson Note endorsed in blank and 3) multiple affidavits affirming that U.S. Bank is the assignee of the Mortgage.

Sampson disputes that the copies of the assignments sufficiently establish that U.S. Bank is the assignee of the Mortgage. He contends that the admittedly deficient Confirmatory Assignment calls into question whether U.S. Bank holds the Mortgage, but even if U.S. Bank's claim to title was deficient prior to 2019, plaintiff does not articulate how any

deficiency was not cured by the 2019 Assignment. Accordingly, U.S. Bank has met its burden of establishing that it is the assignee of the Mortgage.

U.S. Bank asserts that the Pre- and Post-Foreclosure Affidavits establish that it is the holder of the Sampson Note. Sampson rejoins that U.S. Bank must proffer affidavits made pursuant to M.G.L. c. 183, § 5B, citing Eaton v. Fed. Nat'l Mortg. Ass'n. 969 N.E.2d 1118, 1133 n.28 (Mass. 2012).

While Eaton held that mortgage holders may establish their interest in the Note through an affidavit made pursuant to M.G.L. c. 183, § 5B, plaintiff cites no caselaw suggesting that affidavits made pursuant to that statute are the exclusive manner of proving that a party is the noteholder. Nor does plaintiff proffer any countervailing evidence to suggest that U.S. Bank does not hold the Sampson Note.

Furthermore, U.S. Bank proffers evidence that the Sampson Note is endorsed in blank and under Massachusetts law,

> [such] an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.

M.G.L. c. 106, § 3-205. In Sampson I, this Court determined that U.S. Bank is in possession of the Note. 115 F. Supp. 3d. at 193. Accordingly, U.S. Bank has met its burden of demonstrating that it holds the Sampson Note.

Plaintiff fails to proffer countervailing evidence that casts doubt on the fact that U.S. Bank is the assignee of the Mortgage and the holder of the Sampson Note.  U.S. Bank has sufficiently established that it has authority to foreclose on the Property and, accordingly, it is entitled to summary judgment on Counts I and II.  See Ibanez, 941 N.E.2d at 52.

### 2. Slander of Title (Claim III)

Plaintiff alleges a claim for slander of title against defendant JPMorgan.  In Massachusetts such a claim requires proof that the alleged perpetrator: 1) has published a false statement harmful to the interest of another 2) intends, recognizes or should recognize that publication of the false statement will result in harm to the "interests of the other having a pecuniary value" and 3) knows that statement is false or recklessly disregards the truth or falsity of the statement. Dulgarian v. Stone, 652 N.E.2d 603, 609 (Mass. 1995) (citing Restatement (Second) of Torts § 623A (1977)).

Plaintiff's slander of title claim is predicated on its allegation that JPMorgan did not have legal authority to make the BOA Assignment or Confirmatory Assignment.  Defendants rejoin that this Court's opinion in Sampson I establishes that JPMorgan had authority to assign the Sampson Mortgage and that, accordingly, the issue cannot be relitigated.

-11-

Defendants' argument is persuasive.  To determine the application of issue preclusion, four elements must be established:

> (1) that the issue to be precluded is the same as that disputed in a prior proceeding, (2) that the issue was actually litigated in the earlier proceeding, (3) that the issue was determined by a valid and binding final judgment or order, and (4) that the determination of the issue in the prior proceeding was essential to the final judgment or order.

Enica v. Principi, 544 F.3d 328, 337 (1st Cir. 2008).

In Sampson I, plaintiff brought claims for wrongful foreclosure. 115 F. Supp. 3d at 191.  The claims relied, in part, on the theory that JPMorgan did not acquire mortgages held by WAMU when it purchased the assets of that bank from the FDIC, and thus, JPMorgan lacked authority to assign the Sampson Mortgage. Id. at 194.  This Court rejected plaintiff's theory as being without merit. Id.

The prior holding that JPMorgan properly acquired the Sampson Mortgage when it purchased WAMU's assets from the FDIC meets all of the elements of issue preclusion.  Plaintiff once again challenges JPMorgan's authority to assign the Mortgage. This Court previously held that JPMorgan had authority to assign the Mortgage in a final order granting defendants' motion to dismiss.  The issue was fully briefed by both parties and essential to the judgment.  A contrary holding would have meant that JPMorgan did not lawfully assign the Mortgage to Bank of

America which, in turn, would have cast doubt on the authority of U.S. Bank to foreclose on the Property.

Plaintiff contends that he raises a novel issue because this Court did not consider the 2019 Assignment in Sampson I but he forgets that his current action for slander of title is against JPMorgan. The 2019 Assignment did not involve JPMorgan but, rather, was an assignment of the Mortgage from Bank of America to U.S. Bank. Accordingly, the 2019 Assignment is of no consequence to plaintiff's slander of title claim against JPMorgan.

Because this Court has already determined that JPMorgan had authority to assign the Sampson Mortgage, the issue is precluded and defendants' motion for summary judgment on the slander of title claim will be allowed.

### 3. Claim under the Massachusetts Consumer Protection Law (Count IV)

Plaintiff brings a claim against Select for violation of the Massachusetts Consumer Protection Law (M.G.L. c. 93A). Under 209 CMR § 18.24(A)(2)(c) and M.G.L. c. 244, § 14, a mortgage servicer shall provide certification of the chain of title and ownership of the note and mortgage with the notice of foreclosure. Failure to comply is a violation of Chapter 93A.

Plaintiff alleges that Select improperly omitted the Confirmatory Assignment in its certification. Although Select does not deny that the Confirmatory Assignment was omitted, it asserts that the Confirmatory Assignment was not necessary to include because it did not properly assign the Mortgage from JPMorgan to U.S. Bank. Rather, the BOA Assignment assigned the Mortgage from JPMorgan to Bank of America and the 2019 Assignment validly transferred title from Bank of America to U.S. Bank.

The Confirmatory Assignment could not have "backdate[d] an assignment being made for the first time." Ibanez 941 N.E.2d at 55. The BOA Assignment validly assigned the Mortgage from JPMorgan to Bank of America and the 2019 Assignment validly assigned the Mortgage from Bank of America to U.S. Bank. Accordingly, Select has fulfilled its obligations under 209 CMR § 18.24(A)(2)(c) and M.G.L. c. 244, § 14.

### 4. Counterclaim for Possession

U.S. Bank seeks summary judgment on its counterclaim for possession of the Property. The record establishes that U.S. Bank held a foreclosure auction in July, 2022, wherein it was the successful bidder. U.S. Bank proffers uncontested evidence of both the recorded foreclosure deed and the affidavit of sale under M.G.L. c. 244, § 15. Accordingly, U.S. Bank has made a

prima facie showing of its right to possession. See Fed. Nat'l Mortg. Ass'n, 977 N.E.2d at 555.

Plaintiff's assertion that this Court lacks subject matter jurisdiction because the possession claim falls short of the $75,000 amount-in-controversy threshold is without merit. The foreclosure deed demonstrates that U.S. Bank paid $780,000 to purchase the property at auction. Plaintiff fails to augment his remaining challenges to this Court's subject matter jurisdiction.

Plaintiff has failed to proffer any evidence rebutting the validity of the foreclosure deed and the affidavit of sale under M.G.L. c. 244, § 15. Accordingly, this Court will allow U.S. Bank's motion for summary judgment on its possession counterclaim.

-16-

**ORDER**

For the foregoing reasons, the motion of defendants U.S. Bank, Select Portfolio Servicing and JPMorgan for summary judgment (Docket No. 48) is **ALLOWED**.

**So ordered.**

                                           /s/ Nathaniel M. Gorton  
                                           Nathaniel M. Gorton  
                                           United States District Judge

Dated:  September 15, 2023